NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2627
Telephone:  (213) 622-9100
Facsimile:   (800) 622-9145

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MAMAN LAWAN ALI, MD, a sole proprietorship; MAMAN L. ALI, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT;**<br><br>**2. RECOVERY OF POSSESSION OF PERSONAL PROPERTY; AND**<br><br>**3. BREACH OF GUARANTY.** |

Salisian|Lee LLP

COMPLAINT

Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant MAMAN LAWAN ALI, MD ("Ali MD") is, and at all times relevant to this action was, a sole proprietorship with its principal place of business in the County of Douglas in the State of Nebraska.

3. Defendant MAMAN L. ALI ("Ali"), an individual, is and at all times relevant to this action was, a resident of the County of Douglas in the State of Nebraska.

4. Plaintiff is unaware of the true names, capacities, and relationships of the Doe defendants, as well as the extent to their participation in the conduct herein alleged, but are informed and believe and thereon allege that said Doe defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.

5. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have

Salisian|Lee LLP

1    known about the foregoing, and that each Defendant authorized, ratified, adopted,

2    approved, controlled, and aided and abetted the conduct of all other Defendants.

3        6.    The obligations sued upon herein are commercial in nature and the

4    Complaint herein is not subject to the provisions of California *Civil Code* Sections

5    1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code*

6    Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7        7.    Pursuant to the Equipment Financing Agreement and Guaranty

8    described herein below, defendant Ali MD and defendant Ali agreed that the

9    Equipment Financing Agreement would be governed by the laws of the State of

10   California.  In addition, the Equipment Financing Agreement provides, in pertinent

11   part, as follows:

12   **General.**  This EFA shall be governed and construed
     under the laws of the State of California without reference
13   to its principle of conflicts of laws and is deemed to have
     been made and performed in Orange County, CA.  You
14   submit to the jurisdiction of CA and agree that the CA
     state courts and/or the United States District Court for the
15   Central District of California, Santa Ana Division, shall
     have exclusive jurisdiction over any action or proceeding
16   to enforce this EFA or any action or proceeding arising
     out of this EFA.  You waive any objection based on
17   improper venue and/or forum non/conveniens.

18       8.    Jurisdiction.  This Court has jurisdiction over the case pursuant to 28

19   U.S.C. §1332(a).

20       9.    Venue.  This case is properly venued in this judicial district pursuant to

21   28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C.

22   §84(c)(3).

23               **FIRST CAUSE OF ACTION**

24         **(Breach of Equipment Financing Agreement)**

25                    **(Against Ali MD)**

26       10.   Balboa alleges and incorporates by reference each and every allegation

27   contained above, inclusive, as though each were fully set forth here.

28

11.    On or about April 24, 2018, Balboa executed and delivered to Defendant Ali, MD a certain written Equipment Financing Agreement No. 271269-000 (the "EFA"), under the terms of which Balboa loaned to Ali, MD the principal sum of one hundred and seventy-six thousand two hundred thirty-six dollars ($176,236.00) in order to finance equipment for its business (the "Collateral").  The EFA required Ali MD to make six (6) initial monthly payments of $99.00 and then sixty (60) monthly payments of $3,949.90, payable on the twenty-third day of each month, beginning May 23, 2018.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

12.    The last payment received by Balboa was credited toward the monthly payment due for July 23, 2020.  Therefore, on or about August 23, 2020, Ali MD breached the EFA by failing to make the monthly payment due on that date and, therefore, is due for the August 23, 2020 monthly payment.  Defendant Ali MD's failure to make timely payments is a default under the terms of the EFA.

13.    In accordance with the EFA, and as a proximate result of Ali MD's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA, discounted to their present value at the discount rate of three percent (3%). Therefore, the principle sum of no less than $146,966.70 remains due and owing. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Ali MD.

14.    In addition, the terms of the EFA provide that Defendant Ali MD is liable to Balboa for any insurance required on the personal property.  Insurance fees in the sum of $522.62 are now due and owing.

15.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Ali MD.

16.    As a proximate result of Ali MD's breach of the EFA, Balboa has been damaged in the total sum of **$147,489.32**, plus interest at the rate of ten percent (10%) per annum from August 23, 2020, until the entry of judgment.

17.    Further, under the terms of the EFA, Ali MD promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Ali MD.

<u>**SECOND CAUSE OF ACTION**</u>

**(Recovery of Possession of Personal Property)**

**(Against All Defendants)**

18.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

19.    Following a default, the terms of the EFA provide that Balboa is entitled to obtain immediate possession of the Collateral for disposition under the terms of the EFA.

20.    In connection with the EFA, Ali MD and Ali (together, "Defendants") obtained possession and control of the Collateral and remain in possession of the Collateral.

21.    Although Balboa has demanded that Defendants surrender possession of the Collateral, they continue to withhold possession of the Collateral in violation of Balboa's right to possession.  This Complaint, in addition to previous demands, shall constitute further demand upon Defendants to surrender possession of the Collateral to Balboa.

22.    Balboa is entitled to a judgment for possession of the Collateral and an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.

23.    Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral from Ali MD and Ali.

## **THIRD CAUSE OF ACTION**

### **(Breach of Guaranty)**

### **(Against Ali and Does 1-10)**

24.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

25.     Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Ali MD, Ali guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA.  A true and correct copy of the written Personal Guaranty (the "Guaranty") is attached as **Exhibit A** and incorporated herein by reference.

26.     Following a default of Ali MD under the terms of the EFA, Balboa demanded Ali make the payments required under the EFA.  Ali failed to meet the guaranty obligations and make the payments required under the EFA.

27.     Pursuant to the terms of the Guaranty, the sum of **$147,489.32**, plus interest at the rate of ten percent (10%) per annum from August 23, 2020, is due and payable to Balboa from Ali.  This Complaint, in addition to previous demands, shall constitute further demand upon Ali to pay the entire indebtedness due and owing from Ali MD to Balboa under the terms of the EFA.

28.     Under the terms of the Guaranty, Ali promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Ali.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa Capital Corporation prays for judgment against Defendants, and each of them, as follows:

### **On the First and Third Causes of Action:**

1.     The principal sum $147,489.32;

2.    Prejudgment interest at the rate of ten percent (10%) per annum from August 23, 2020 to the date of entry of judgment;

3.    Late charges and non-sufficient charges in an amount to be proven at trial; and

4.    Reasonable attorneys' fees and costs;

### On the Second Cause of Action

5.    An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

### On All Causes of Action

6.    Costs of suit as provided by law; and

7.    Such other and further relief that the Court considers proper.

Dated:    February 15, 2022            SALISIAN | LEE LLP

By _____
        Neal S. Salisian
        Glenn R. Coffman

        Attorneys for Plaintiff
        BALBOA CAPITAL CORPORATION

Salisian|Lee LLP

7                                    COMPLAINT