Kevin J. Gramling, Bar No. 188335
kgramling@klinedinstlaw.com
Christopher D. Holt, Bar No. 228399
cholt@klinedinstlaw.com
KLINEDINST PC
2 Park Plaza, Suite 1250
Irvine, California 92614
(949) 868-2600/FAX (714) 542-3592

Attorneys for Defendants
MAMAN LAWAN ALI, MD
and MAMAN L. ALI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAMAN LAWAN ALI, MD, a sole proprietorship; MAMAN L. ALI, an individual,<br><br>Defendants. | Case No. 8:22-cv-00234-JLS-KES<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant MAMAN LAWAN ALI, MD and MAMAN L. ALI ("Defendants") generally and specifically deny and answer Plaintiff BALBOA CAPITAL CORPORATION'S ("Plaintiff") Complaint as follows:

This answer is based on the information available at this juncture. Accordingly, Defendants reserve the right to amend and/or supplement this pleading as investigation and discovery proceed. Subject to and without waiving this qualification, Defendants deny each and every allegation contained in the Complaint, except as expressly admitted or qualified as follows:

///

# I.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. In response to paragraph 1 of the Complaint, Defendants state that they lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth, and therefore deny the allegations and put Plaintiff to its highest burden of proof.

2. In response to paragraph 2 of the Complaint, Defendants admit the allegation.

3. In response to paragraph 3 of the Complaint, Defendants admit the allegation.

4. In response to paragraph 4 of the Complaint, Defendants state that they lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth, and therefore deny the allegations and put Plaintiff to its highest burden of proof

5. In response to paragraph 5 of the Complaint, Defendants state that they lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth, and therefore deny the allegations and put Plaintiff to its highest burden of proof.

6. In response to paragraph 6 of the Complaint, Defendants state that the paragraph is Plaintiff's interpretation of law and assertion of a legal position which does not require a response, but to the extent a response is required, Defendants deny the assertion.

7. In response to paragraph 7 of the Complaint, Defendants admit that the quoted language is contained in the agreement attached to the Complaint, but denies the remainder of the allegations.

8. In response to paragraph 8 of the Complaint, Defendants state that they do not contest jurisdiction.

///

9. In response to paragraph 9 of the Complaint, Defendants state that they do not contest venue.

## FIRST CAUSE OF ACTION

10. In response to paragraph 10 of the Complaint, Defendants re-assert their responses to paragraphs 1 through 9 as though restated herein.

11. In response to paragraph 11 of the Complaint, Defendants admit that the agreement attached to the complaint includes the text, "1-6 @ $99.00, 7-66 @ $3,949.90" but deny the remainder of the allegations.

12. In response to paragraph 12 of the Complaint, Defendants deny the allegations.

13. In response to paragraph 13 of the Complaint, Defendants deny the allegations.

14. In response to paragraph 14 of the Complaint, Defendants deny the allegations.

15. In response to paragraph 15 of the Complaint, Defendants deny the allegations.

16. In response to paragraph 16 of the Complaint, Defendants deny the allegations.

17. In response to paragraph 17 of the Complaint, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

18. In response to paragraph 18 of the Complaint, Defendants re-assert their responses to paragraphs 1 through 17 as though restated herein.

19. In response to paragraph 19 of the Complaint, Defendants deny the allegations.

20. In response to paragraph 20 of the Complaint, Defendants deny the allegations.

///

21. In response to paragraph 21 of the Complaint, Defendants deny the allegations.

22. In response to paragraph 22 of the Complaint, Defendants deny the allegations.

23. In response to paragraph 23 of the Complaint, Defendants deny the allegations.

### THIRD CAUSE OF ACTION

24. In response to paragraph 24 of the Complaint, Defendants re-assert their responses to paragraphs 1 through 23 as though restated herein.

25. In response to paragraph 25 of the Complaint, Defendants admit that the agreement attached to the Complaint includes a provision headed as "GUARANTY" but denies the remainder of the allegations.

26. In response to paragraph 26 of the Complaint, Defendants deny the allegations.

27. In response to paragraph 27 of the Complaint, Defendants deny the allegations.

28. In response to paragraph 28 of the Complaint, Defendants deny the allegations.

### PRAYER FOR RELIEF

29. In response to the prayer for relief, Defendants deny that Plaintiff is entitled to any relief.

## II.

## AFFIRMATIVE DEFENSES

Further, in response to the complaint, and each and every cause of action stated therein, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

Defendants allege that the Complaint, and each and every cause of action

Klinedinst PC
2 Park Plaza, Suite 1250
Irvine, California 92614

alleged therein fails to state facts sufficient to constitute a cause of action against Defendants, and fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred by California Code of Civil Procedure, sections 337, 338, 339, 343, 350, California Commercial Code, section 10506, and by all other applicable statute of limitations provisions.

### THIRD AFFIRMATIVE DEFENSE
### (Failure of Consideration)

Defendants allege that there was, has been, and/or continues to be a material failure of consideration on the part of Plaintiff, so that Defendants' duty of performance, if any, has been discharged.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Perform Conditions Precedent)

Defendants allege that Plaintiff failed to perform contractual conditions precedent to Defendants' performance, and such failure excuses any non-performance by Defendants', which non-performance is denied.

### FIFTH AFFIRMATIVE DEFENSE
### (Fraud)

Defendants allege that they reasonably relied on representations by Plaintiff that were not true, and that Plaintiff knew were not true, and Defendants would not have entered into the alleged contract had Defendants known that the representations were not true.

### SIXTH AFFIRMATIVE DEFENSE
### (Mistake)

Defendants allege that they were mistaken about the terms or facts related to the alleged contract, that Plaintiff knew that Defendants were mistaken about terms

or facts related to the alleged contract, that the mistake was reasonable under the circumstances, and/or that Plaintiff was also mistaken about terms or facts related to the alleged contract, and that Defendants would not have entered into the alleged contract had Defendants known about the mistake.

### SEVENTH AFFIRMATIVE DEFENSE
(Barred by Uniform Commercial Code)

Defendants allege that the complaint, and each cause of action thereof, is barred by the applicable California Commercial Code sections.

### EIGHTH AFFIRMATIVE DEFENSE
(Waiver)

Defendants allege that Plaintiff, by its own acts and/or omissions, has waived any and all claims it seeks to assert in this action, and/or is estopped by its own conduct from asserting or recovering on such claims.

### NINTH AFFIRMATIVE DEFENSE
(Laches)

Defendants allege that Plaintiff unreasonably delayed in properly serving this action and has thereby prejudiced Defendants' rights and ability to maintain a defense.

### TENTH AFFIRMATIVE DEFENSE
(Estoppel)

Defendants allege that Plaintiff, by its own acts and/or omissions, is estopped from asserting or recovering on its claims against Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Defendants allege that, by reason of its own conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief as requested in the complaint.

///
///

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendants allege that Plaintiff lacks standing to maintain this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants allege that Plaintiff failed to make reasonable efforts to mitigate its loss and/or damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Defendants are entitled to an offset in an amount equal to the amount of monies which Plaintiff received from Defendants, or would have received had a claim been made, from any insurer or entities affording coverage for Plaintiff, or for monies Plaintiff has received from parties other than Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Right to Amend)

Defendants may have additional defenses that cannot be articulated and therefore reserve the right to plead additional defenses or otherwise amend their answer pursuant to Fed. R. Civ. P. 8(c) and 12(b) and as may be revealed through discovery and upon further particularization of Plaintiff's claims.

## III.

## PRAYER FOR RELIEF

Defendants pray for an order and judgment of this Court in their favor and against Plaintiff as follows:

1. Dismissing all causes of action against Defendants with prejudice and on the merits;

2. Awarding Defendants their litigation costs including attorney's fees; and

///

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

3.  Awarding Defendants such other and further relief as the Court deems just and equitable.

## IV.

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial.

KLINEDINST PC

DATED: March 15, 2022

By: /s/ Christopher D. Holt
Kevin J. Gramling
Christopher D. Holt
Attorneys for MAMAN LAWAN ALI, MD and MAMAN L. ALI

# CERTIFICATE OF SERVICE

***Balboa Capital Corporation v. Maman Lawan Ali, MD, et al.***
**USDC-Central (Southern) Case No. 8:22-cv-00234-JLS-KES**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On March 15, 2022, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2627
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 15, 2022, at San Diego, California.

_____
Lorri A. Taylor

20675910.1

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614